UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CONTRERAS,<br>    Plaintiff,<br>v.<br>CARLOS BOLANOS, et al.,<br>    Defendants. | Case No. 18-cv-04048-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

On July 6, 2018, plaintiff, an inmate at the San Mateo County Jail's Maguire Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## ANALYSIS

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

In the portion of the court's form complaint where the inmate is to write his statement of the claim, plaintiff wrote:

> Plaintiff Daniel Contreras while detained in the Sheriff's County of San Mateo Maguire Correctional Facility on or about May 8, 2018 while assigned to 3 West-A-23 during out-of-cell time limited to 30 minutes, Contreras was forced to wear waist shackles cuffed on both arms for the duration of his recreational out of cell time period, daily for five days. Contreras while shackled during his recreational period was unable to maintain his hygiene needs to shower, groom, cell cleaning, exercise, access urinals, toilet, eat or drink water. Housing Deputies Medina, DeGuzman, Hart, and Miles actions were out of deliberate indifference to cause pain and suffering. Phones were intentionally disabled to prevent Contreras from seeking help and pursuing legal actions. Contreras' housing assignment to administrative segregation is without due process.

Dkt. No. 1 at 3.

Plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual defendants from framing a response to the complaint. These deficiencies require that an amended complaint be filed.

The Court assumes for purposes of this order that plaintiff was a pretrial detainee at the time of the events at issue. If this is incorrect and plaintiff was in fact a convicted prisoner serving his sentence at the county jail, he should so inform the Court in his amended complaint. Plaintiff should bear in mind the following legal principles as he prepares his amended complaint.

2

Conditions of Confinement: Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id*. at 1068. Under the Fourteenth Amendment, a pretrial detainee plaintiff must also show that the challenged "prison condition 'is not reasonably related to a legitimate governmental objective.'" *Byrd v. Maricopa Cty. Board of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (quoting *Bell*, 441 U.S. at 539). If the particular restriction or condition is reasonably related it does not, without more, amount to punishment. *Bell*, 441 U.S. at 538-39.

As the complaint currently reads, plaintiff appears to assert that for 30 minutes a day for five days, he was unable to shower, groom, clean his cell, exercise, use the bathroom, eat, or drink. Given the short duration of the alleged deprivation, the complaint does not state a claim for unconstitutional conditions of confinement. Plaintiff may provide additional details to state a Fourteenth Amendment claim in his amended complaint, if he can truthfully do so.

Due Process: A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The *Wolff* procedural protections include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67.

If the alleged deprivation is not a punishment, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but

3

rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 n.3 (9th Cir. 2002) (holding court must determine whether pretrial detainee had a protected liberty interest). The proper test to determine whether detainees have a liberty interest is that set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462-63 (quoting *Hewitt*, 459 U.S. at 472).

If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated and the claim should be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

Assuming plaintiff's housing placement amounted to punishment, plaintiff does not allege that he was deprived of any of the procedural protections to which he was entitled under *Wolff*. If the placement did not amount to punishment, plaintiff does not identify: (1) any specific state statutes or regulations, (2) what procedurally protected liberty interest(s) they created, and (3) how they were not met. Plaintiff may provide this information in his amended complaint, if he can truthfully do so. Plaintiff must also state how many days he spent in administrative segregation.

<u>Access to Courts:</u> Plaintiff also appears to raise a claim that his First Amendment right to access the courts was violated. Specifically, plaintiff alleges that the phones at the Maguire Detention Facility were intentionally disabled to prevent him from pursuing legal action.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of

confinement. *See id.* at 354-55. The complaint as it currently stands does not demonstrate an actual injury with respect to a non-frivolous claim concerning plaintiff's conviction or conditions of confinement. Plaintiff may provide this information in his amended complaint, if he can truthfully do so.

Finally, plaintiff fails to link several defendants to his claims. Plaintiff names seven defendants but only mentions four of them in the text of his complaint. In his amended complaint plaintiff must be careful to allege facts showing the basis for liability for *each* defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Plaintiff is cautioned that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (18-4048 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

5

amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, plaintiff is reminded to specify in his amended complaint whether he was a pretrial detainee or a convicted prisoner at the time of the events alleged.

**IT IS SO ORDERED.**

Dated: 10/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge